# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE,
IN TRUST FOR REGISTERED
HOLDERS OF CWABS, INC., ASSET-
BACKED CERTIFICATES, SERIES
2005-IM3, A/K/A THE BANK OF NEW
YORK MELLON, F/K/A THE BANK OF
NEW YORK AS TRUSTEE FOR
CERTIFICATEHOLDERS CWABS, INC.
ASSET-BACKED CERTIFICATES
SERIES 2005-IM3,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 73773



FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-02807

The district court erroneously granted summary judgment for respondent, as appellant's agent tendered $310.50 to the HOA's agent (A&K), which undisputedly represented 9 months of assessments.[2] *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Respondent contends that A&K had a good-faith basis for rejecting the tender—it supposedly believed collection costs made up part of the superpriority portion of the lien.[3] But A&K's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as

---

[2]Although respondent refers in its answering brief to an "alleged" and "purported" tender, respondent did not meaningfully dispute in district court that A&K received the check, and there is no evidence in the record to suggest as much. And, because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was effective to satisfy the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority lien).

[3]There is no evidence in the record to support respondent's argument, as A&K's February 24, 2012, letter merely reflects A&K's belief that appellant was responsible for the full outstanding balance.

to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and A&K's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Respondent further contends that the tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be recorded, (3) appellant's agent needed to keep the tender good, and (4) respondent is protected as a bona fide purchaser, but we recently rejected similar arguments.[4] *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at

---

[4]Respondent has not identified any condition that appellant's agent was not legally entitled to impose. We reject respondent's argument that the letter accompanying the check contained conditions purporting to absolve appellant of any future liability that it may have to the HOA. Even if this argument had been properly preserved for appeal, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), the letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which appellant might again need to cure a default to avoid foreclosure.

118-21. Accordingly, respondent took title to the property subject to the deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                              Silver


cc:     Hon. Michelle Leavitt, District Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Kim Gilbert Ebron
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A